## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JACQUELINE HAWTHORNE obo K.H.,  )
                               )
          Plaintiff,            )
                               )
    v.                         )
                               )
                               )
CAROLYN W. COLVIN,          )
  Acting Commissioner of Social Security )
                               )
          Defendant.       )

CASE NO.    1:13-cv-01497

JUDGE DONALD C. NUGENT

MAGISTRATE JUDGE GREG WHITE

**REPORT & RECOMMENDATION**

Plaintiff Jacqueline Hawthorne ("Plaintiff"), on behalf of her minor grandson, K.H., challenges the final decision of the Commissioner of Social Security ("Commissioner"), denying K.H.'s claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq.*  This matter is before the Court pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).

For the reasons set forth below, it is recommended that the final decision of the Commissioner be AFFIRMED.

### I.  Procedural History

On June 29, 2010, Plaintiff, on behalf of her minor grandson, K.H., filed an application for SSI alleging a disability onset date of July 1, 2008.  (Tr. 56.)  The application was denied both initially and upon reconsideration.  *Id.*

On May 4, 2012, an Administrative Law Judge ("ALJ") held a hearing during which K.H., represented by counsel, and his mother testified.  (Tr. 13-36.)  On June 12, 2012, the ALJ found K.H. was not disabled since June 29, 2010.  (Tr. 71.)  The ALJ's decision became final when the Appeals Council denied further review.

## II.  Standard for Disability

To qualify for SSI benefits, an individual must demonstrate a disability as defined under the Act.  "An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C).

To determine whether a child is disabled, the regulations prescribe a three-step sequential evaluation process.  20 C.F.R. § 416.924(a).  At step one, a child must not be engaged in "substantial gainful activity."  20 C.F.R. § 416.924(b).  At step two, a child must suffer from a "severe impairment."  20 C.F.R. § 416.924(c).  At step three, disability will be found if a child has an impairment, or combination of impairments, that meets, medically equals or functionally equals an impairment listed in 20 C.F.R. § 404, Subpt. P, App'x 1; 20 C.F.R. § 416.924(d).

To determine whether a child's impairment functionally equals the listings, the Commissioner will assess the functional limitations caused by the impairment.  20 C.F.R. § 416.926a(a).  The Commissioner will consider how a child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for [ ]self; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  If a child's impairment results in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings and the child will be found disabled.  20 C.F.R. § 416.926a(d).  To receive SSI benefits, a child recipient must also meet certain income and resource limitations.  20 C.F.R. §§ 416.1100, 416.1201.

A "marked" limitation is one which seriously interferes with functioning.  20 C.F.R. § 416.926a(e)(2)(i).  "Marked" limitation means "more than moderate" but "less than extreme."  20 C.F.R. § 416.926a(e)(2)(i).  "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean."  *Id*.

2

An "extreme" limitation is one that "interferes very seriously with [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). An "extreme" limitation means "more than marked." 20 C.F.R. § 416.926a(e)(3)(i). "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id.*

If an impairment is found to meet, or qualify as the medical or functional equivalent of a listed disability and the twelve-month durational requirement is satisfied, the claimant will be deemed disabled. 20 C.F.R. § 416.924(d)(1).

### III.  Summary of Commissioner's Decision

The ALJ made the following findings regarding K.H. in the June 12, 2012, decision:

1. The claimant was born [in] 1999. Therefore, he was a school-age child on June 29, 2010, the date the application was filed, and is currently an adolescent (20 C.F.R. 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since June 29, 2010, the application date (20 C.F.R. 416.924(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: attention deficit hyperactivity disorder, mood disorder, and oppositional defiant disorder (20 C.F.R. 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. 416.924(d) and 416.926a).

6. The claimant has not been disabled, as defined in the Social Security Act, since June 29, 2010, the date the application was filed (20 C.F.R. 416.924(a)).

(Tr. 55-72.) The ALJ found that K.H. had less than marked limitations in the following three domains: acquiring and using information, attending and completing tasks, and caring for himself. *Id.* He further found K.H. had marked limitations in his ability to interact and relate with others. (Tr. 68-69.) Finally, the ALJ found K.H. had no limitations in the remaining domains: moving about and manipulating objects, and health and physical well-being. (Tr. 70-71.)

3

### IV.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).")  This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

4

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## V.  Analysis

Hawthorne claims the ALJ erred by failing to find K.H. markedly impaired in the domain of caring for oneself.  (ECF No. 13 at 10-12.)  Although K.H. was found to be markedly impaired in his ability to interact and relate with others, in the domain of caring for oneself, the ALJ found that he had less than marked limitation.[1]  (Tr. 69-71.)

The relevant regulations state as follows:

(k) Caring for yourself.  In this domain, we consider how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area.

(1) General.

(i) Caring for yourself effectively, which includes regulating yourself, depends upon your ability to respond to changes in your emotions and the daily demands of your environment to help yourself and cooperate with others in taking care of your personal needs, health and safety.  It is characterized by a sense of independence and competence. The effort to become independent and competent should be observable throughout your childhood.

(ii) Caring for yourself effectively means becoming increasingly independent in making and following your own decisions.  This entails relying on your own abilities and skills, and displaying consistent judgment about the consequences of caring for yourself.  As you mature, using and testing your own judgment helps you develop confidence in your independence and competence. Caring for

---

[1]  Plaintiff does not challenge the ALJ's findings in the other five domains.  (ECF No. 13 at 10.)

5

yourself includes using your independence and competence to meet your physical needs, such as feeding, dressing, toileting, and bathing, appropriately for your age.

(iii) Caring for yourself effectively requires you to have a basic understanding of your body, including its normal functioning, and of your physical and emotional needs. To meet these needs successfully, you must employ effective coping strategies, appropriate to your age, to identify and regulate your feelings, thoughts, urges, and intentions. Such strategies are based on taking responsibility for getting your needs met in an appropriate and satisfactory manner.

(iv) Caring for yourself means recognizing when you are ill, following recommended treatment, taking medication as prescribed, following safety rules, responding to your circumstances in safe and appropriate ways, making decisions that do not endanger yourself, and knowing when to ask for help from others.

20 C.F.R. § 416.926a(k)

Plaintiff further points out that according to Social Security Ruling ("SSR") 2009-7p, 2009 SSR LEXIS 7 (Mar. 19, 2009), "[i]n the domain of 'Caring for yourself,' we consider a child's ability to maintain a healthy *emotional* and physical state." (ECF No. 13 at 11) (emphasis added). Plaintiff avers that the ALJ erred by not considering K.H.'s ability to maintain a healthy emotional state. *Id.* Plaintiff essentially argues that because her grandson was angry, aggressive, disrespectful, and prone to fights and bullying – in other words markedly impaired in his ability to interact appropriately with others as found by the ALJ – he must also be markedly impaired in the domain of caring for oneself as he cannot regulate his emotions. (ECF No. 13 at 12.) While the domain of caring for oneself has an emotional component, the Court declines to conflate the separate domains of "caring for yourself" and "interacting and relating with others." As stated in the same SSR cited by Plaintiff, the domain of "caring for yourself" does ***not*** "concern the ability to relate to other people, which we address in the domain of 'Interacting and relating with others.'" SSR 09-7p (emphasis added) ("Rather, in 'Caring for yourself,' we focus on how well a child relates to self by maintaining a healthy emotional and physical state in ways that are age-appropriate and in comparison to other same-age children who do not have impairments.")

SSR 09-7p further explains as follows:

The domains of "Caring for yourself" and "Interacting and relating with others" are related, but different from each other. The domain of "Caring for yourself" involves a child's feelings and behavior in relation to self (as when controlling stress in an age-appropriate manner). The domain of "Interacting and relating with others" involves a child's feelings and behavior in relation to other people

(as when the child is playing with other children, helping a grandparent, or listening carefully to a teacher).  A decision about which domain is appropriate for the evaluation of a specific limitation depends on the impact of the particular behavior.

*Id.*

As an example, SSR 09-7p offers the example of "a girl with hyperactivity impulsively runs into the street, endangering herself, we evaluate this problem in self-care in the domain of 'Caring for yourself.'"  "On the other hand, if she interrupts conversations inappropriately, we evaluate this problem in social functioning in the domain of 'Interacting and relating with others.'" *Id.*

Based on the explanation provided by the SSR, this Court cannot find that the ALJ erred by evaluating K.H.'s aggression, bullying, fighting, and disrespectful behavior in the domain of interacting and relating with others.  For this same reason, the sole decision Plaintiff relies upon is factually distinguishable.  In *Shannon ex rel. K.J.S. v. Astrue*, No. 1:12-cv-953, 2013 WL 149819 (N.D. Ohio, Jan. 14, 2013), a reviewing court found that the ALJ's decision in the domain of caring for oneself was not supported by substantial evidence, because the ALJ did not address the claimant's ability to address his emotional needs.  That claimant was found to be markedly impaired by State Agency consultants, who noted the claimant's history of suicidal ideation and self-harm.[2]  *Id.*  In fact, the claimant had injured himself by punching a window after he became angry, and had even locked himself in his room threatening to harm himself with a knife after an altercation with his brother.  *Id.*  These actions, as explained in SSR 09-7p, all relate to the child claimant's behavior "in relation to self."  Nowhere in her brief does the Plaintiff point to any evidence of K.H. harming himself.  Rather, the record is replete with evidence of K.H.'s aggressive *relations with other people*, which was appropriately considered under the separate domain.

It bears noting that, under the regulations, if a child's impairment results in "marked" limitations in two domains, the listings are functionally equaled and the child will be found

---

[2]  Herein, by contrast, State Agency psychologist, Marianne Collins, Ph. D., found K.H. had "no limitation" in the domain of caring for yourself.  (Tr. 41.)

7

disabled.  If Plaintiff's argument were to be credited, a finding of marked impairment in the area of interacting and relating with others would necessarily trigger a finding of marked limitations in the area of caring for oneself, thereby undermining the regulatory scheme.

As such, Plaintiff's sole assignment of error is without merit.

## VII.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence.  Accordingly, the decision of the Commissioner should be AFFIRMED and judgment entered in favor of the defendant.

s/ Greg White_____

United States Magistrate Judge

Date: April 24, 2014

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**